# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:21-cr-10063-STA |
| ) | |
| **VINSON TAYLOR, JR.,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER OF DETENTION

Before the Court is Defendant Vinson Taylor, Jr.'s Motion for Review of Detention Order (ECF No. 196) filed on August 31, 2021. For the reasons set forth below, the United States Magistrate Judge's order of detention is **AFFIRMED**.

## BACKGROUND

The government initiated this prosecution through an indictment returned on June 24, 2021. The grand jury charged Taylor and a co-defendant with one count of conspiring to distribute and possess with the intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 846, one count of conspiring to distribute 40 grams of fentanyl also in violation of section 846, and one count against Taylor alone for possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Taylor had his initial appearance on the charges on July 1, 2021, and the Magistrate Judge appointed the Federal Public Defender to represent Taylor. Before the Magistrate Judge could hold a detention hearing, the grand jury returned a superseding indictment (ECF No. 23), expanding the scope of the conspiracy charged against Taylor. The superseding

1

indictment now alleges that Taylor and ten co-Defendants conspired to distribute marijuana (Count 1) and that Taylor and six co-Defendants conspired to distribute fentanyl (Count 2). The superseding indictment continues to charge Taylor individually with possessing a firearm of in furtherance of a drug trafficking crime (Count 3). The superseding indictment also seeks the forfeiture of any proceeds derived from Defendant's alleged drug dealing activities.

Following a full detention hearing on July 13, 2021, the Magistrate Judge found probable cause for the charges, triggering the rebuttable presumption in favor of detention, and ordered Taylor's detention pending trial. Taylor now requests review of the Magistrate Judge's detention order. In his written brief, Taylor acknowledges some of his criminal history but points out that he has received only probation for his prior charges and that none of his current charges have resulted in the revocation of his probation.

## STANDARD OF REVIEW

Under the Bail Reform Act, 18 U.S.C. § 3142, a judicial officer shall order the detention of a defendant pending trial if, after a hearing, the officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The United States Supreme Court has explained that the Bail Reform Act "operates only on individuals who have been arrested for a specific category of extremely serious offenses," *United States v. Salerno*, 481 U.S. 739, 750 (1987), defined in 18 U.S.C. § 3142(f) to include a drug "offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq*.)" or "any felony that is not otherwise a crime of violence that involves . . . the possession or use of a firearm . . . ." 18 U.S.C. § 3142(f)(1)(C) & (E). "Congress

2

specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest." *Salerno*, 481 U.S. at 751 (citing S.Rep. No. 98–225, at 6–7).

## ANALYSIS

Based on its *de novo* review of the Magistrate Judge's order, the testimony and evidence at the detention hearing, and the entire record of the proceedings, the Court agrees with the Magistrate Judge that detention is warranted in this case. Taylor is charged with violations of 21 U.S.C. § 846 and 18 U.S.C. § 924(c), both of which carry a presumption in favor of detention. *See* 18 U.S.C. § 3142(e)(3)(A) & (B) ("Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) [or] an offense under section 924(c) . . . ."); *see also* § 3142(g)(1) (directing judicial officers to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device").

There is probable cause to believe Taylor committed the drug trafficking and firearms charges alleged against him. "[C]ourts making bail determinations are stuck . . . with the grand jury's finding" of probable cause. *Kaley v. United States*, 571 U.S. 320, 329 n.6 (2014) (restating that "an indictment returned by a proper grand jury 'conclusively determines the existence of probable cause'"). The grand jury has returned an indictment and a superseding indictment against Taylor charging him with conspiring to distribute marijuana and fentanyl in violation of

3

the Controlled Substances Act and possessing a firearm in furtherance of his drug crimes. The alleged violations of 21 U.S.C. § 846 and 18 U.S.C. § 924(c) suffice to trigger § 3142's presumption that no condition or combination of conditions will reasonably assure Taylor's appearance and the safety of the community.

Faced with the presumption in favor of detention, the burden of production now shifts to Taylor. "A defendant satisfies his burden of production when he comes forward with evidence that he does not pose a danger to the community or a risk of flight." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Taylor's burden is not heavy and is only a burden of production; the government retains at all times the burden of persuasion. *Id*. And yet the presumption itself never actually disappears because the Bail Reform Act "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Id*. (citations omitted). In the final analysis, a defendant must "present all the special features of his case" that take it outside "the congressional paradigm." *Id*. at 946.

The Court finds that Taylor has not produced evidence to make such a showing here and overcome the presumption in favor of detention. In fact, Taylor offered no evidence at all at the detention hearing before the Magistrate Judge. Counsel for Taylor made certain statements regarding the evidence the government had introduced through Officer McCommon. For example, the defense argued that even though Taylor was on probation at the time of his traffic stop in March 2021, Officer McCommon did not place Taylor under arrest. Furthermore, counsel stated that Taylor had ties to family in the Dyersburg community, as evidenced by his frequent presence in the area, even after he had traveled to other states. Even accepting Taylor's family

4

ties to the Western District of Tennessee and the circumstances of his prior criminal history, Taylor's personal characteristics are not the kind of special features that would take his case outside the Bail Reform Act's paradigm.  *Stone*, 608 F.3d at 946.

The proof presented at the detention hearing only reinforces the presumption that no condition or combination of conditions would ensure his appearance or the safety of the community.  The Magistrate Judge received testimony from Officer Alex McCommon of the Dyersburg Police Department.  According to Officer McCommon, law enforcement received information about an ongoing feud between Taylor and one of his co-Defendants Ja'Quon Roberson and Taylor's possible threats to harm Roberson should they cross paths at some point.  At the detention hearing, the government introduced screenshots (collective ex. 1) from Taylor's social media account dated November 2020, which police interpreted as stating a threat against Roberson, albeit naming Roberson only by an alias.  As the investigation continued, Officer McCommon observed Taylor in March 2021 while Taylor was driving in Dyersburg.  After Officer McCommon initiated a traffic stop, McCommon detected the odor of marijuana coming from the car and decided to conduct a probable cause search of the vehicle.  Officer McCommon recovered a handgun during the search.  The government also elicited testimony from McCommon about the recovery of another firearm from Taylor's residence in Dallas, Georgia, after law enforcement there executed a search warrant.  Another social media post from May 2021 depicted Taylor holding the firearm.

Officer McCommon went on to testify about a social media post from Taylor's account dated May 2021, showing Taylor holding a plastic bag of blue pills.  The blue pills resembled drugs seized during the investigation of this case, which tested positive for fentanyl.  Taylor's

5

federal drug trafficking charges are not Taylor's first brush with the law involving illegal narcotics. Taylor had a previous drug charge in Dyer County in 2018, for which he was placed in diversion. Soon after that, Taylor became a fugitive and was only detected again when McCommon pulled him over in March 2021.   The Magistrate Judge also heard evidence that Taylor has ties to several states, including arrests for narcotics.   Taylor had a previous drug arrest in Montana where police recovered 23 pounds of marijuana and another arrest in Oklahoma where police found him in possession of $50,000 in currency.   Officer McCommon testified that authorities also suspect Taylor relocated to California at one point to avoid prosecution.   More recently, Taylor's probation was transferred to the state of Georgia in June 2021 where it was later determined that Taylor had provided a false address and phone number.

Finally, Officer McCommon testified that Taylor was arrested June 25, 2021, in Dyersburg on charges of disorderly conduct and retaliation for past action.   Taylor came to the Dyersburg Police Department to lodge a complaint against DPD officers accusing them of seizing money from Taylor.   While at the police department, Taylor became angry and disorderly and made threats against the arresting officer's minor daughter.   Police took Taylor into custody for disorderly conduct and retaliation for past conduct, and these charges remain outstanding.   While counsel for Taylor is correct that there has not been a disposition of the charges, Taylor's behavior does little to rebut the presumption against pretrial release.

Weighing this evidence, which is by no means insignificant, along with the presumption in favor of detention, the Court finds no error in the Magistrate Judge's determination that Taylor should be detained pending trial.

**CONCLUSION**

The Court **AFFIRMS** the decision of the Magistrate Judge and orders that Taylor be detained pending the outcome of the charges against him.

Consistent with 18 U.S.C. § 3142(i), the Court directs that Taylor be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Court further directs that Taylor be afforded reasonable opportunity for private consultation with counsel and that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Taylor is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.  *See* 18 U.S.C. § 3142(i).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:   September 20, 2021.